**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**JEREMY K. NIX**
Matheny, Hahn, Denman, & Nix, LLP
Huntington, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CHANDRA K. HEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| SHAWN L. MOORE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 90A02-1401-CR-19 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE WELLS CIRCUIT COURT
The Honorable Kenton W. Kiracofe, Judge
Cause No. 90C01-1307-FD-87

**October 7, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**PYLE, Judge**

STATEMENT OF THE CASE

Shawn Lee Moore ("Moore") appeals his sentence for Class B felony unlawful possession of a firearm by a serious violent felon[1] and Class C felony corrupt business influence.[2] On appeal, Moore essentially argues that the trial court abused its discretion by not suspending a portion of his sentence to probation. Concluding that the record supports Moore's executed sentence and that Moore does not have a right to probation, we find that the trial court did not abuse its discretion.

We affirm.

ISSUE

Whether the trial court abused its discretion in sentencing Moore.

FACTS

During June of 2013, Moore and Amanda Johnson drove to various locations in Steuben, Adams, and Wells Counties and broke into ten vehicles, stealing various items. The stolen items were recovered in Moore's vehicle, which at the time was located in Wells County. Law enforcement officers also found a handgun in Moore's vehicle.

On July 1, 2013, the State charged Moore with eight (8) counts of Class D felony receiving stolen property.[3] The State later amended the charging information to include

---

[1] IND. CODE § 35-47-4-5 (2013). We note that effective July 1, 2014, a new version of this serious violent felon statute was enacted and that Class B felony possession of a firearm by a serious violent felon is now a Level 5 felony. Because Moore committed his offenses in 2013, we will apply the statute in effect at that time.

[2] I.C. § 35-45-6-2.

[3] I.C. § 35-43-4-2(b) (2013). Again, we note that effective July 1, 2014, a new version of this theft/receiving stolen property statute was enacted and that Class D felony theft/receiving stolen property is now a Class

2

one (1) count of theft,[4] three (3) counts of Class C felony corrupt business influence, and one (1) count Class B felony unlawful possession of a firearm by a serious violent felon.

On September 12, 2013, Moore pled guilty to one count of corrupt business influence and the serious violent felon charge. The plea agreement provided that Moore's sentence would be capped at eighteen (18) years, that the sentence for the two charges would run concurrently, and that the State would dismiss the remaining charges. On December 18, 2013, the trial court held a sentencing hearing where Moore argued that the trial court should suspend a portion of his sentence to probation. After hearing arguments from counsel and reading the pre-sentence investigation report, the trial court sentenced Moore to concurrent terms of sixteen (16) years on the serious violent felon conviction and eight (8) years on the corrupt business influence conviction, with no time suspended. Moore now appeals.

## DECISION

Moore argues that the trial court abused its discretion in sentencing him by ignoring evidence supporting his request to suspend a portion of his sentence to probation. Specifically, Moore argues that (1) he accepted responsibility for his actions by pleading guilty; (2) he was likely to respond affirmatively to probation because he had successfully completed probation in the past; (3) his crimes were the result of a recent drug addiction;

---

A misdemeanor. Because Moore committed his offenses in 2013, we will apply the statute in effect at that time.

[4] I.C. § 35-43-4-2(a) (2013).

3

and (4) he obtained his GED and completed some college level courses while previously incarcerated.

Notwithstanding the authority afforded to appellate courts by Indiana Appellate Rule 7(B), "sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion." *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on other grounds on reh'g*, 875 N.E.2d 218 (Ind. 2007). An abuse of discretion occurs if the decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *K.S. v. State*, 849 N.E.2d 538, 544 (Ind. 2006) (quoting *In re L.J.M.*, 473 N.E.2d 637, 640 (Ind. Ct. App. 1985)). A trial court may abuse its discretion in sentencing a defendant by: (1) failing to enter a sentencing statement; (2) entering a sentencing statement that explains reasons for imposing the sentence but the record does not support the reasons; (3) omitting reasons that are clearly supported by the record and advanced for consideration; or (4) imposing a sentence for reasons that are improper as a matter of law. *Anglemyer*, 868 N.E.2d at 490.

During Moore's sentencing hearing, the trial court explained its reasoning for imposing Moore's sixteen (16) year executed sentence as follows:

> The Court has reviewed the presentence investigation report, also reviewed the probable cause affidavit and sentencing factors found at Indiana Code 35-38-1-7.1. Essentially the aggravating factors the Court notes the Defendant does have a history of criminal and delinquent behavior of note which was interesting in the presentence investigation report that since, the Defendant is 36 years of age, but since age 12 he has been supervised or incarcerated for all but 6-1/2 years, that's a sad situation Mr. Moore. The Court notes the Defendant was also determined to be a very high risk to reoffend by the IRAS indicators. I don't find any statutory mitigating factors, but I do give Mr. Moore some consideration for the fact that he

4

has pled guilty and note there were a number of charges and I think counsel for Defendant is correct, a trial in this matter would have been lengthy although the evidence it appears through the probable cause affidavit there was evidence that would have convicted Mr. Moore and so he has pled guilty in light of that, but has accepted responsibility for his actions and so the Court gives him some consideration for that.

It's concerning that Mr. Moore after being charged and convicted and sentenced and served a sentence for conspiracy to commit murder then has not only committed a number of thefts, but also has a firearm in his possession. He disputes how that happened. I think the evidence is such that he probably was well aware that he had that gun.

Under Count IX, the Corrupt Business Influence, a class C felony, the Court is going to sentence the Defendant to 8 years at the Indiana Department of Corrections with no part suspended. Under Count X, the Court is bound by the cap of 18 years, the Defendant has received some benefit from the plea agreement, could have been sentenced up to 20 years, has received some benefit. It's hard not to argue that Mr. Moore isn't among what is considered some of the worst of the worst which the highest penalties are reserved for. He has had several years of different levels of supervision or incarceration, none of which thus far have seemed to assist Mr. Moore in making any changes in his lifestyle and what he is doing. If it was the thefts alone it would be one thing, the fact that he as an adult suddenly decided to start using methamphetamine is concerning, concerning about his decision making and what he chooses to do. I can't say that probation is appropriate in any case or can't say probation is appropriate in this case just because I don't think he would be successful in completing it. All those factors considered together I'm going to sentence the Defendant to 16 years under Count X, that is to be served concurrently with the sentence under Count IX. No part of that sentence is to be suspended. I am going to recommend the Defendant be considered for the CLIFF program while at the Department of Corrections to address the methamphetamine abuse. I'm also going to assess court costs of $168.00, I'm not assessing any fine nor am I assessing a public defender fee.

(Tr. 6-7).

Here, we find the trial court did not abuse its discretion. As the trial court noted, Moore has been incarcerated or under court supervision for a majority of his life and has not altered his behavior. The record, particularly Moore's criminal history, does not support his argument for a suspended sentence. *See Anglemyer*, 868 N.E.2d at 490.

5

Moreover, "probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). In addition, while a trial court may consider whether a person would respond affirmatively to probation, "[a] court may impose any sentence that is: (1) authorized by statue; and (2) permissible under the Constitution of the State of Indiana; regardless of the presence or absence of aggravating circumstances or mitigating circumstances." IND. CODE §§ 35-38-1-7.1(b)(7); (d). Thus, even if the record supported Moore's assertion that he was a good candidate for probation, the trial court was free to sentence him without any time suspended to probation. *See id*. Accordingly, we find no abuse of discretion and affirm Moore's sentence.

Affirmed.

NAJAM, J., and BAILEY, J., concur.